# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN VINSICK, ) <br> ) <br> Plaintiff *(Pro Se)*, ) <br> ) <br> v. ) <br> ) <br> RJM ACQUISITIONS, LLC, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No. 12-1792 <br><br> Judge Cathy Bissoon |

## ORDER

Plaintiff John Vinsick ("Plaintiff") filed the instant action against RJM Acquisitions, LLC ("Defendant") on November 13, 2012, in the Beaver County Magisterial District Court. (Doc. 1). Defendant timely removed this action on December 7, 20012 pursuant to 28 U.S.C. § 1441 and 1446. (Doc. 1). On December 19, 2012, Plaintiff moved to remand the case to state court.[1] (Doc. 6).

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). One category of cases of which district courts have original jurisdiction is "[f]ederal question" cases: cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Generally, determining whether a particular case arises under federal law turns on the "well-pleaded complaint" rule. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 9–10 (1983). The United States Supreme Court

---

[1] Plaintiff filed a Motion to Preserve Complaint. This Court construed that motion as a Motion to Remand.

has explained that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing *Taylor v. Anderson,* 234 U.S. 74, 75–76 (1914)). Furthermore, the party seeking removal and asserting jurisdiction "bears the burden of proving that jurisdiction exists." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Defendant has met its burden to prove that jurisdiction exists. In his Complaint, Plaintiff alleges that Defendant violated provisions of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA), thereby posing a federal question. As such, this Court has original jurisdiction over such matters pursuant to 28 U.S.C. § 1331; 15 U.S.C. §1692k(d) and 15 U.S.C. § 1681p.[2]

For the reasons stated above, the Court hereby **DENIES** Plaintiff's Motion to Remand (Doc. 6).

**IT IS SO ORDERED**.

    s/Cathy Bissoon  
    Cathy Bissoon  
    United States District Judge

January 14, 2013

---

[2] 15 U.S.C. § 1692k(d) (FDCPA) provides that: [a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction […].

15 U.S.C.A. § 16819p (FCRA) provides that: [a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction […].

cc: All counsel of record.

(via ECF and U.S. mail to:
John Vinsick
716 Golf Course Rd. #4
Aliquippa, PA 15001)